IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *  Criminal No. CCB-17-0106 |
| MARCUS TAYLOR | * |
|  | * |

**DEFENSE OBJECTION TO GOVERNMENT'S PROPOSED PROTECTIVE ORDER**

The Defense respectfully objects to the Government's proposed protective order which would prohibit defense counsel and Mr. Taylor from disclosing *Jencks* materials that will be produced by the United States on January 8, 2018. As the Government correctly asserts, a discovery agreement in which both parties agree to not give copies of the provided materials to anyone outside defense counsels' office is in place[1]. However, the Government now seeks to further limit the Defense's use of these materials by requesting a protective order that will prevent the defense from even discussing the information contained within the disclosures to "any other person who is not the Defendant." In this particular case, this proposed prohibition would be inappropriate under Federal Rules of Criminal Procedure 16(d)(1) as it is unwarranted and excessive. Additionally, this proposed Order would also infringe upon the Defense's rights to utilize all avenues of investigation and research in providing a full and complete defense for Mr. Taylor.

Rule 16(d)(1) confers broad authority on the Court to issue such a protective order in certain

---

1 This discovery agreement was written by the Government and presented to Defense Counsel for acceptance. The issue of *Jencks* disclosures was explicitly addressed within that agreement, as it was agreed that these disclosures would be made only two weeks in advance of trial. The Government did not seek any further restrictions on the Defense when they authored and agreed to that provision.

circumstances. However, this authority is tethered to a necessary and sufficient showing that such a restriction be appropriate.    Although the Government proposes that there is reason to believe that witnesses, as well as their families, would be subjected to physical harm if their identities were revealed, there is nothing in the Government's submission, other than broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, which provides the Court with the necessary good cause showing to warrant such a restriction.

The reasoning that the Government does provide is seemingly based on a few specific concerns.    First, the Government alleges that Magistrate Judge Gallagher's determination that Mr. Taylor was a danger to the community, for purposes of release conditions during a detention hearing, necessarily equates to safety concerns for these witnesses. In their submission, the Government makes no indication of any specific information pertaining to Mr. Taylor that would support such a concern. In fact, this rationale, as presented, is belied by the myriad of federal defendants in this district who are denied release conditions due to dangerousness and are not subjected to such onerous restrictions in their defense.

In this same vein, the Government also suggests that if outside defense attorneys were made aware of this information, a "significant risk" of retaliation would exist against witness in this case and in others.    Again, there is no articulated basis for such a concern and, absent that showing, a protective order would only serve to infringe upon the defense's ability to investigate the materials contained with the *Jencks* disclosure. As the Court knows, in the determination of whether a protective order is warranted, a finding of potential harm must be based on a particular factual demonstration and not on conclusory statements. The Government cannot limit a defense team's ability to confer with other attorneys, to further their investigation by accessing the legal community's resources and to speak with potential witnesses regarding the information

contained within these disclosures. The Government has not adequately articulated any potential harm in support of such a restriction.

Lastly, the Government cites concerns that the dissemination of this material before trial would thwart other on-going investigations. There is no more information provided that would support such a claim, but it is important to note that this concern seems minimized by the fact that these investigations and witnesses will be publicly revealed in open court during trial.

The Court is well aware that it is incumbent upon the defense to vigorously advocate for their client.   Upon the production of *Jencks* materials, a thorough defense investigation is necessary to provide Mr. Taylor with his constitutionally mandated right to competent counsel. This investigation may require the use of the *Jencks* materials in ways that go beyond simple jail visits and discussion with Mr. Taylor. In fact, to suggest otherwise would minimize the role that the defense team fulfills in the criminal justice system.    When witnesses are identified, the defense needs to interview friends, family and associates of those individuals to determine their credibility and basis for their potential testimony.    It may be necessary to present these potential defense witnesses with information contained within the *Jencks* disclosures in order to directly and collaterally attack their testimony.    Additionally, this may also require speaking with other members of the legal community, individuals who possess a vast knowledge of information that would assist in Mr. Taylor's defense, as well as anyone else who may provide potential avenues of cross-examination or additional defenses. What the Government proposes is to handicap the defense, to prevent an open and investigative dialogue with others and to otherwise thwart our attempts to achieve justice for Mr. Taylor.    Although protective orders may be appropriate in certain situations, the defense investigation in this case cannot be limited by the Government, pursuant to a protective order, under such vague and non-specific rationale as offered.

Consequently, for the foregoing reasons, Mr. Taylor respectfully requests this Honorable Court to deny the Government's request for a protective order in this case.

                Respectfully submitted,

                _____/s/_____
                CHRISTOPHER C. NIETO
                The Law Office of Christopher C. Nieto, LLC
                231 E. Baltimore Street, Suite 1102
                Baltimore, Maryland   21201
                Office: (443) 863-8189
                Fax:   (443) 378-5723
                Email: cnieto@nietolawoffice.com


                _____/s/_____
                JENIFER WICKS
                Law Office of Jenifer Wicks
                6909 Laurel Avenue, Suite 5419
                Takoma Park, MD 20913
                Office: (240) 468-4892
                Fax: (202) 478-0867
                Email: jenifer@jwickslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before this 4th day of January, 2018, a copy of the foregoing motion was filed via CM/ECF, and notice of said filing served on Leo Wise and Derek Hines, Assistant United States Attorneys, Office of the United States Attorney, Baltimore, MD.

                _____/s/_____
                Christopher C. Nieto
                Attorney for Mr. Taylor