IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-106 |
| | * | |
| MARCUS ROOSEVELT TAYLOR | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending is Marcus Roosevelt Taylor's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in which he requests placement on home detention. (ECF 551). Taylor states that he has underlying conditions (hypertension and anxiety); that FCI Forest City Low, where he is currently incarcerated, has multiple cases of COVID-19; and that he wishes to be released so he may help support his parents.

To the extent that Taylor seeks relief under the CARES Act, (*see* ECF 551 at 4), the court is without authority to grant it. While the CARES Act authorizes the Bureau of Prisons, in certain circumstances, to lengthen the amount of time a defendant may be placed on home confinement, *see* CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, "[t]his provision does not authorize the court to order [a] defendant's placement in home confinement," *see United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at \*3 (E.D.N.C. Apr. 22, 2020). Indeed, "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at \*2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

Even construing Taylor's motion as one seeking a reduced sentence to time served, followed by a period of supervised release with the condition that he spend time on home

1

confinement, the motion will be denied. First, the court is not persuaded that Taylor's underlying conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., asthma). *Id*. Hypertension is in the latter group, and anxiety is not in either group. *Id*. It appears, then, that Taylor's only potential risk factor is hypertension. Absent evidence of other underlying conditions that make Taylor particularly vulnerable to COVID-19, and in light of his relative youth (33 years old), the court does not believe Taylor's hypertension is grounds for compassionate release. *See, e.g*., *United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19."). Further, while the court acknowledges Taylor's concerns about the

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

spread of COVID-19 at FCI Forest City Low, without more evidence that Taylor *himself* is particularly vulnerable to illness, the court does not find the risk of spread is grounds for compassionate release.

Second, while the court appreciates Taylor's desire to help his parents, as well as his good conduct while incarcerated, the court does not believe that Taylor is an appropriate candidate for compassionate release at this time. Taylor has served only a small portion of the 216-month sentence imposed on June 12, 2018, (ECF 416 (Judgment)), and the court is not persuaded he has demonstrated a sustained period of rehabilitative and infraction-free conduct. *See United States v. Scott*, Crim. No. JKB-16-429, ECF 413 at 3 ("Also weighing against release is the fact that Scott has served only roughly 36 months of a 135-month sentence for a serious crime.").

For the reasons explained above, Taylor's motion for compassionate release (ECF 551) is DENIED. The associated motion to seal (ECF 550) is GRANTED to protect the confidentiality of personal medical and family information.

So Ordered this  5th   day of August, 2020.

_____                                            _____/S/_____
Date                                                                                  Catherine C. Blake
                                                                                              United States District Judge