IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *   Criminal Case: SAG-17-0106 |
| | * |
| | * |
| MARCUS TAYLOR | * |
| | * |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Marcus Taylor, a former officer with the Baltimore Police Department ("BPD") and its Gun Trace Task Force ("GTTF"), acting in a self-represented capacity, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF 917. The Government has filed an opposition, ECF 921, and Mr. Taylor filed a reply, ECF 922. This Court finds that the issues can be decided on the briefing without further legal argument. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Mr. Taylor's motion will be denied.

**I.      PROCEDURAL BACKGROUND**

The Government originally indicted and charged Mr. Taylor, along with six other members of the GTTF, with racketeering and participation in a racketeering conspiracy. ECF 1. Four of the seven defendants, Momodu Gondo, Evodio Hendrix, Jemell Rayam, and Maurice Ward, pleaded guilty to the racketeering conspiracy and agreed to cooperate with the Government. ECF 156, 157, 195, 215. Thereafter, a federal grand jury returned a superseding indictment charging the remaining three defendants, Mr. Taylor, Daniel Hersl, and Wayne Jenkins, with racketeering conspiracy in violation of 18 U.S.C. § 1962(d); racketeering in violation of 18 U.S.C. § 1962(c); Hobbs Act Robbery in violation of 18 U.S.C. § 1951; and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 137.

Mr. Jenkins ultimately entered a guilty plea, ECF 257, but Mr. Taylor and Mr. Hersl proceeded to trial. At trial, the jury heard testimony from Mr. Ward, Mr. Hendrix, Mr. Rayam, and Mr. Gondo about the unlawful actions they engaged in with Mr. Taylor, Mr. Hersl, and Mr, Jenkins. The jury also heard testimony from a number of law enforcement officers, victims, and witnesses, to include Shawn Whitting, Oreese Stevenson, and Keonna Holloway. The trial lasted twelve days. Eventually, on February 12, 2018, the jury returned verdicts of guilty against both defendants as to the crimes charged in Counts One, Two, Three, and Five, and verdicts of not guilty as to the firearms charges in Counts Four and Six. ECF 342.

Counsel for Mr. Taylor filed a motion for new trial, along with supporting materials, which was denied. ECF 371, 396, 399, 405. At Mr. Taylor's sentencing, United States District Judge Catherine C. Blake imposed sentences of 216 months as to each of the three counts of conviction, to run concurrent for a total sentence of 216 months. ECF 416. Counsel for Mr. Taylor also filed an appeal, but the Fourth Circuit affirmed his convictions and sentence. ECF 531.

## II.    ANALYSIS

18 U.S.C. § 3582(c)(2) permits reduction of a defendant's sentence where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Mr. Taylor contends that a 2024 amendment to USSG § 1B1.3 now excludes acquitted conduct from the calculation of a defendant's sentencing guideline range and would lower his guideline range. As Mr. Taylor acknowledges, the acquitted conduct provision is not retroactive. Moreover, even if it were, he would remain ineligible for a reduction because his advisory guideline range has not been lowered as a result of the amendment. His range is the result of a multiple count calculation pursuant to USSG § 3D1.4 involving, in relevant part, three groups. His acquitted conduct, at best, relates only

to conduct described in Group Two and would reduce the offense level for that group to 29 from 34. Because Group One is offense level 34 and Group Three is offense level 33, even if Group Two were reduced to 29, Mr. Taylor would have 2.5 points under the multiple count adjustment and three levels would be added to the highest level, 34, putting him at 37. USSG § 3D1.4. That is the same range that Judge Blake calculated at Mr. Taylor's sentencing, because 2.5 and 3.0 multiple count points are handled the same way under § 3D1.4. He is not therefore entitled to a reduction under § 3582(c)(2) because his advisory guideline range is unchanged.

Mr. Taylor also raises a number of arguments relating to circumstances he suggests are "extraordinary and compelling." Such circumstances can sometimes warrant compassionate release pursuant to § 3582(c)(1). That provision, however, requires exhaustion of administrative remedies with the Bureau of Prisons before the issues may be raised with the Court. *Id.* In his reply, Mr. Taylor implicitly concedes that he has not exhausted his administrative remedies by arguing that he has only filed this motion pursuant to § 3582(c)(2), which does not require exhaustion. ECF 922 at 1. The Fourth Circuit has concluded that the "so-called exhaustion requirement" is a "non-jurisdictional claim-processing rule" which may be waived but must be enforced when raised by the government. *United States v. Muhammad*, 16 F.4th 126, 129–30 (4th Cir. 2021). As the government raised the issue of exhaustion here, ECF 921 at 1, this Court declines to adjudicate Mr. Taylor's remaining claims pursuant to § 3582(c)(1).

For the reasons set forth herein, Mr. Taylor's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) is DENIED. A separate Order follows.

<table>
<tr><td>August 1, 2025<br>Date</td><td>            /s/            <br>Stephanie A. Gallagher<br>U.S. District Court Judge</td></tr>
</table>