**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Case: SAG-17-0106 |
| | * | |
| | * | |
| MARCUS ROOSEVELT TAYLOR | * | |
| | * | |
| | *** | |

**<u>MEMORANDUM</u>**

Marcus Roosevelt Taylor, a former officer with the Baltimore Police Department ("BPD") and its Gun Trace Task Force ("GTTF"), acting in a self-represented capacity, has filed a second motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF 943. The Government has filed an opposition, ECF 948, and Mr. Taylor filed a reply, ECF 950. This Court finds that the issues can be decided on the briefing without further legal argument. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Mr. Taylor's motion will be denied.

**I.      PROCEDURAL BACKGROUND**

The Government originally indicted and charged Mr. Taylor, along with six other members of the GTTF, with racketeering and participation in a racketeering conspiracy. ECF 1. Four of the seven defendants, Momodu Gondo, Evodio Hendrix, Jemell Rayam, and Maurice Ward, pleaded guilty to the racketeering conspiracy and agreed to cooperate with the Government. ECF 156, 157, 195, 215. Thereafter, a federal grand jury returned a superseding indictment charging the remaining three defendants, Mr. Taylor, Daniel Hersl, and Wayne Jenkins, with racketeering conspiracy in violation of 18 U.S.C. § 1962(d); racketeering in violation of 18 U.S.C. § 1962(c); Hobbs Act Robbery in violation of 18 U.S.C. § 1951; and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 137.

Mr. Jenkins ultimately entered a guilty plea, ECF 257, but Mr. Taylor and Mr. Hersl proceeded to trial. At trial, the jury heard testimony from Mr. Ward, Mr. Hendrix, Mr. Rayam, and Mr. Gondo about the unlawful actions they engaged in with Mr. Taylor, Mr. Hersl, and Mr, Jenkins. The jury also heard testimony from a number of law enforcement officers, victims, and witnesses, to include Shawn Whitting, Oreese Stevenson, and Keonna Holloway. The trial lasted twelve days. Eventually, on February 12, 2018, the jury returned verdicts of guilty against both defendants as to the crimes charged in Counts One, Two, Three, and Five, and verdicts of not guilty as to the firearms charges in Counts Four and Six.[1] ECF 342.

Counsel for Mr. Taylor filed a motion for new trial, along with supporting materials, which was denied. ECF 376, 396, 399, 405. At Mr. Taylor's sentencing, United States District Judge Catherine C. Blake imposed sentences of 216 months as to each of the three counts of conviction, to run concurrent for a total sentence of 216 months. ECF 416. Counsel for Mr. Taylor also filed an appeal, but the Fourth Circuit affirmed his convictions and sentence. ECF 531.

Less than a year ago, Mr. Taylor filed a Motion for Compassionate Release, arguing that a 2024 amendment to USSG § 1B1.3 now excludes acquitted conduct from the calculation of a defendant's sentencing guideline range and would lower his guideline range since a firearms enhancement should not have applied. ECF 923. This Court denied the motion because the acquitted conduct amendment is not retroactive and, in any event, would not lower Mr. Taylor's guideline range since his range would be the same without the firearm enhancement. *Id.* at 2–3.

---

[1] Counts Five and Six pertain only to Mr. Hersl, and Counts Three and Four pertain only to Mr. Taylor.

## II.    ANALYSIS

Mr. Taylor's instant motion appears to argue two "extraordinary and compelling" reasons to consider compassionate release: (1) the acquitted conduct amendment that would remove the firearm enhancement and (2) the sentencing disparity between Mr. Taylor's sentence and that of four of his co-defendants, Gondo, Hendrix, Rayam, and Ward. Neither is persuasive.[2] First, this Court explained in its August 1, 2025 memorandum why the acquitted conduct amendment (which is not retroactive) does not entitle Mr. Taylor to a sentencing reduction, despite his acquittal at trial of a firearms charge and the application of an enhancement at sentencing for firearm possession. ECF 923 at 2–3. This Court incorporates that ruling herein as Mr. Taylor's argument is the same. Any consideration of firearms possession in the calculation of Mr. Taylor's advisory guidelines had no bearing on his eventual sentence. Mr. Taylor is not entitled to a sentencing reduction under §§ 3582(c)(1)(A)(i) or 3582(c)(2).

Mr. Taylor's second argument, about a sentencing disparity, is simply unpersuasive. The four co-defendants he cites as comparators not only pleaded guilty and accepted responsibility for their conduct but also cooperated with the government and testified at a highly publicized trial against Mr. Taylor and Mr. Hersl. Those actions had a significant impact on those co-defendants' advisory guidelines ranges and, predictably, led to far more favorable sentences. In light of those circumstances, the disparities between their sentences and Mr. Taylor's cannot fairly be characterized as unwarranted, disproportionate, or unfair. In fact, Mr. Taylor received the same

---

[2] Additionally, Mr. Taylor continues to argue the sufficiency of the evidence to support his conviction and sentencing. Those arguments have been addressed many times over in this litigation, including on direct appeal, and do not constitute or contribute to an "extraordinary and compelling reason" justifying compassionate release.

3

sentence as his co-defendant who also proceeded to trial, Mr. Hersl,[3] and the sentencing judge remarked that those two defendants were the closest to one another in terms of relative culpability. *See* ECF 477 at 82–83. There is no sentencing disparity evident on those facts.

None of Mr. Taylor's cited reasons, either individually or collectively, constitutes an "extraordinary and compelling reason" to further consider his eligibility for compassionate release. Moreover, even if this Court were to have found an extraordinary and compelling reason to move to the second step of the process, the § 3553(a) factors would continue to support the reasonable sentence imposed by the sentencing judge for the extreme breach of public trust evidenced by Mr. Taylor's conduct. Thus, Mr. Taylor's second motion for relief pursuant to 18 U.S.C. § 3582(c)(2), ECF 943, will be DENIED. A separate order follows.

July 21, 2026  
Date

/s/  
Stephanie A. Gallagher  
U.S. District Court Judge

---

[3] This Court granted Mr. Hersl compassionate release on January 24, 2025 after he received a terminal cancer diagnosis. ECF 910. Mr. Hersl died on October 5, 2025. ECF 932-1.